UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 OCT -1 PM 3:31

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| CHETANKUMAR BHIKHABHAI PRAJAPATI et al., ) ) ) Plaintiffs, ) ) v. ) ) MERRICK GARLAND et al., ) ) Defendants. ) | Case No. 2:24-cv-711 |

**ORDER TO SHOW CAUSE**

A review of the docket in this case reveals the following:

1. On June 27, 2024, Plaintiffs filed a Complaint against Attorney General Merrick Garland, Homeland Security Secretary Alejandro Mayorkas, and other officials. (Doc. 1.)

2. Also on June 27, 2024, the court granted Lucy Lu's Motion for Admission Pro Hac Vice to represent Plaintiffs. (Doc. 4.)

3. Finally, on the same date, the court issued summonses for all Defendants. (Doc. 6.) There is no indication that the summonses were ever served.

No further filings have been received as of the date of this Order. The court is issuing this Order to address topics that are essential to moving the case forward.

Federal Rule of Civil Procedure 4 requires: "In [g]eneral[,] [a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

To serve a United States officer or employee sued only in an official capacity, Federal Rule of Civil Procedure 4(i) requires that "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." *Id.* 4(i)(2).  To serve the United States, a party must either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[,]" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* 4(i)(1).

Rule 4(*l*)(1) requires proof of service of the summons be made to the court.  In this case, no proof of service has been filed with the court.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Because it has been more than 90 days since Plaintiffs filed the Complaint, and no proofs of service have been filed, Plaintiffs are hereby ORDERED to file proof of timely service on Defendants and the United States, or to show good cause for the failure to serve process, on or before **November 1, 2024.  If Plaintiffs should fail to respond, the case must be dismissed under Rule 4(m).**

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of October, 2024.

/s/ Geoffrey W. Crawford
District Judge
United States District Court